# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| GWENDOLYN HINTON, | ) | CASE NO. 5:16-cv-1749 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | |
| | ) | |
| OHIO DEPT. OF HEALTH AND | ) | |
| HUMAN SERVICES, *et al.*, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

*Pro se* plaintiff Gwendolyn Hinton filed this action under 42 U.S.C. § 1983 against the Ohio Department of Health and Human Services, Department of Jobs and Family Services, Child Protective Services, Akron Children's Hospital Medical Center, Gregory Lawrence Long, Attorney Orlando J. Williams, Ohio Attorney General Mike Dewine, the United States Department of Justice, and the Akron Police Department. In the complaint, plaintiff alleges her child was removed wrongfully from her custody in 2008, and placed with his father, Gregory Long. Her repeated attempts to regain custody have failed. She seeks injunctive relief and monetary damages.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. (Doc No. 2). That application is granted.

I.     **BACKGROUND**

Plaintiff claims Child Protective Services removed her son from her home in January 2008 due to allegations of child abuse. He was placed with his father, defendant Long. Plaintiff was cleared of the charges, but the child remained with his father. She asserts the child should have immediately been returned to her custody when she was cleared of the charges. Her attempts to regain custody through the state courts have been fruitless. She contends Long and his family have interfered with her custody of the child, visitation, and telephone calls. She also alleges they abuse and neglect the child. She asserts claims for denial of her fundamental right to custody of her child, violation of her right to privacy under the Fourteenth Amendment, and her right to be free from cruel and unusual punishment under the Eighth Amendment. She also asserts several claims based on illegal, corrupt, and biased judgments, which the Court liberally construes as arising under the Due Process Clause.

II.    **STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam) (citing *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim

upon which relief may be granted when it lacks plausibility in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

A pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing Fed. R. Civ. 8(a)(2)). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than an unadorned, the defendant unlawfully harmed me accusation. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* (quotation marks and citation omitted). In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. ANALYSIS

This is the third case plaintiff has filed in this Court to contest the 2008 removal of her child by Child Protective Services, and the Juvenile Court's repeated denial of her requests to have the child returned to her custody. She filed two prior actions in 2012. *See Hinton v. Teodosio, et al.*, No. 5:12-cv-1267 (N.D. Ohio Oct. 29, 2012) (Adams, J.); *Hinton v. Teodosio, et al.*, No. 5:12-cv-1349 (N.D. Ohio Oct. 25, 2012) (Adams, J.). Both cases were addressed on the merits and dismissed.

The doctrine of *res judicata* dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,

3

918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the court and every issue or defense that should have been raised in the previous action. *Id*. The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigations, and conserve judicial resources. *Westwood Chem. Co., Inc. v. Kulick*, 656 F.2d 1224, 1229 (6th Cir. 1981). A subsequent action will be subject to a *res judicata* bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action. *Id*. at 1227 (citations omitted).

Both of these requirements are met in this case. This case is based on the same facts alleged in the prior two actions and the evidence that would be required to sustain the action is the same. Plaintiff is therefore precluded from litigating this matter for a third time in federal court.

The Court notes that *res judicata* is an affirmative defense that must be raised by the defendant. Fed. R. Civ. P. 8(c); s*ee Haskell v. Wash. Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988) (noting that it is ordinarily error for a district court to raise an affirmative defense *sua sponte*) (citations omitted). However, the Supreme Court as well as the Sixth Circuit held that a court may take the initiative to assert the *res judicata* defense *sua sponte* in "special circumstances." *Arizona v. California*, 530 U.S. 392, 412, 120 S. Ct. 2304, 147 L. Ed. 2d 374 (2000); *Hutcherson v. Lauderdale Cnty., Tenn.*, 326 F.3d 747, 757 (6th Cir. 2003). The "special circumstance" recognized in *Arizona*, is when "a court is on notice that it has previously decided the issue presented." *Arizona*, 530 U.S. at 412; *see Holloway Constr. Co. v. United States Dep't of Labor*, 891 F.2d 1211, 1212 (6th Cir. 1989) (affirming the district court's *sua sponte* assertion of *res judicata* where the court had previously addressed the merits of a case based on the same facts).

The doctrine of *res judicata* applies and plaintiff is barred from re-litigating claims and issues associated with the removal of her son from her home in 2008.

### IV. CONCLUSION

For all the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e). Pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: September 30, 2016

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**